Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Sevana Babooian (Bar No. 285432)
sbabooian@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
STANDARD INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME HENRY, JR., | Case No. 2:18-cv-01585 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)** |
| vs. | |
| STANDARD INSURANCE COMPANY; and DOES 1 through 10, | [Los Angeles County Superior Court Case No. BC692020] |
| Defendants. | Complaint Filed: January 29, 2018 |

**TO THE DISTRICT COURT OF THE UNITED STATES, CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant STANDARD INSURANCE COMPANY ("Standard") hereby removes the above-captioned civil action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1332(c), and 1441.

This removal is based on the following grounds:

161954.1

## I.    TIMELINESS

1.    On January 29, 2018, Plaintiff Jerome Henry, Jr. ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. BC 692020.

2.    Plaintiff served a copy of the Summons and Complaint on Standard on January 31, 2018.  True and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on Standard are attached hereto as Exhibit A.

3.    Standard filed an Answer to Plaintiff's Complaint in Los Angeles County Superior Court on February 26, 2018.  A true and correct copy of Standard's Answer is attached hereto Exhibit B.

4.    Removal is timely pursuant to 28 U.S.C. § 1446(b) because Standard filed this Notice of Removal within 1 year of commencement of this action, and within 30 days of receiving notice of this action.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons …").

## II.    JOINDER

5.    There are no defendants that are required to join in this removal.  All other defendants are fictitiously named and need not be considered for purposes of removal.  28 U.S.C. § 1441(b)(1).

## III.    JURISDICTION: DIVERSITY

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus, removal of this action is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

Case No.
NOTICE OF REMOVAL

161954.1

### A.    Citizenship of Plaintiff

7.    Plaintiff alleges that he is, and at all relevant times was, a resident of Los Angeles, County, State of California.  (Complaint, ¶ 7).

### B.    Citizenship of Defendant

8.    Standard is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon.  Therefore, Standard is a citizen of Oregon.  28 U.S.C. § 1332(c).  (Complaint, ¶ 8).

### C.    Doe Defendants

9.    Does 1 through 10, named by Plaintiff as defendants in his Complaint, should be disregarded for the purposes of determining whether removal is proper on diversity grounds.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

### D.    Amount in Controversy

10.    Plaintiff has not specified the amount of damages he is seeking through his Complaint. Plaintiff's failure to plead a specific amount of damages in his Complaint should be construed in favor of Standard, supporting a finding that the minimum jurisdictional threshold has been met.  *See Bosinger v. Phillips Plastic Corp.*, 57 F. Supp. 2d 986, 989 (S.D. Cal. 1999) ("[A]s such evidence [to show the amount in controversy exceeds $75,000] may not always be available to a removing defendant, to require such proof might defeat removal in an instance where a plaintiff declined to plead a specific amount of damages and a defendant could not readily ascertain the approximate amount of damages a plaintiff seeks within thirty days. Moreover, while it is for the Court to decide its own jurisdiction, the Court finds in plaintiff's silence implicit support for Defendant's allegation as to the amount in controversy.").  In any event, the facts set forth below demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold.

Case No.
NOTICE OF REMOVAL

161954.1

11.     Plaintiff seeks recovery against Standard for, *inter alia*, disability benefits under a disability policy issued by Standard (the "Policy").  (Complaint, ¶¶ 1, 11).

12.     Plaintiff alleges that the Policy provides a monthly benefit of $4,500 per month following a 90-day Elimination Period.  (Complaint, ¶¶ 12, 17).  Plaintiff alleges that after the Policy's 90-day waiting period, he submitted a claim for disability benefits in September of 2016, thus alleging benefits were due on or around September of 2016. (*Id.* at ¶ 17).  Assuming for the purposes of this Notice a monthly benefit of $4,500, Plaintiff's past benefits, after a 90-day elimination period, as of the date of this Notice are approximately $81,000.[1]

13.     Separate from contractual benefits, Plaintiff also seeks general and special damages, attorneys' fees, and punitive damages.  (Complaint, p. 11).  These items are potentially recoverable as part of Plaintiff's bad faith claim, and therefore, they should be counted towards the $75,000 jurisdictional threshold.  *See Haase v. Aerodynamics Incorporated*, 2009 WL 3368519, at *3-5 (E.D. Cal. Oct. 19, 2009) (noting that claims for special and general damages, attorneys' fees, and punitive damages may be counted towards the jurisdictional minimum when such items are recoverable as a matter of state law.)

14.     Given Plaintiff's allegations and the damages he seeks, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold, exclusive of interests and costs.

## IV.    NOTICE

15.     Proper notice will be given this date to Plaintiff herein through his counsel of record, and to the Clerk of the Superior Court for the State of California,

---

[1] 18 months (September 2016 to February 2018) x $4,500 per month = $81,000.

Case No.
NOTICE OF REMOVAL

161954.1

1  County of Los Angeles.  A true and correct copy of the Notice is attached hereto as

2  Exhibit C and by this reference incorporated as if set forth in full.

3      WHEREFORE, Standard prays that this matter pending in the Los Angeles

4  County Superior Court of the State of California, be removed to this Court.

5

6  Dated:  February 27, 2018          Linda M. Lawson
                                   Sevana Babooian

7                                     MESERVE, MUMPER & HUGHES LLP

8

9                                By:  */s/ Sevana Babooian*

10                                     Sevana Babooian
                                   Attorneys for Defendant

11                                     STANDARD INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
NOTICE OF REMOVAL

161954.1